IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3018-BO

| | |
|---|---|
| JABAR BALLARD,<br> Plaintiff, | )<br>)<br>) |
| v. | )   O R D E R |
| | ) |
| ALVIN KELLER, et al.,<br> Defendants. | )<br>)<br>) |

Plaintiff, Jabar Ballard, is an inmate in the custody of the North Carolina Department of Correction. Now before the court is a motion for judgment on the pleadings filed by defendants. Mot. for J. on the Pleadings, D.E. 37. Ballard timely filed a response to defendants' motion, and the matter is ripe for determination. Response, D.E. 40.

Background

Plaintiff alleges that on June 28, 2010, he was transported from Tabor Correctional Institution ("TCI") to the Brunswick County Jail. Compl., D.E. 1, p. 4. Prior to transport, he states he requested that his blood pressure medicine be processed and sent with him, yet he was transferred without his blood pressure medication. Id. Plaintiff states that the lack of medication, led to him "passing out" in the Brunswick County Jail on or about July 2, 2010. Id. According to plaintiff, he requested the medication, but was denied his medication by defendant Elks and Jones. Id. As to defendant Kenworthy, plaintiff claims that Kenworthy was, at the time, administrator of TCI and responsible as the supervisor of Elks and Jones. Id. at p. 5. Plaintiff contends that prison policy states prisoners shall be transferred with the proper

medication. Id.; Response, Ex. B. Plaintiff further claims that defendant Keller was Secretary of the Department of Correction and therefore also responsible for his "well-being" and "care." Id.

Motion for Judgment on the Pleadings

a.  Standard

The Rule 12(c) "Motion for Judgment on the Pleadings" adheres to the same standards as a motion made pursuant to Rule 12(b)(6). Burcach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-406 (4th Cir. 2002). A Rule 12(c) motion should be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 243-244 (4th Cir. 1999).

b.  Failure to Exhaust

Defendants argue the matter should be dismissed for failure to properly exhaust. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). The PLRA's exhaustion requirement applies to all prisoner "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA requires a "prisoner" to exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims

2

cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Additionally, failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).

Grievances must be sufficient in detail to "alert[] the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002);[1] see, e.g., Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008). However, "[i]n order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) (collecting cases). The court finds that the grievances did properly put defendants on notice of a claim for deliberate indifference to a serious medical condition when defendants failed to follow the policy regarding medication and transfer. While defendants contend that plaintiff failed to put a date on the grievance or describe the type of medical condition, the court finds this unsupported. Plaintiff states in the grievance that his request to take vital blood pressure medication to Brunswick County Jail was denied resulting in illness. Compl., Attch. Grievance. The grievance put defendants on notice of the claim now before this court. Failure to exhaust is an affirmative defense and defendants have failed to meet their burden. The defense fails.

c.  Failure to State a Claim

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[1] The Second, Fifth, Sixth, Ninth, and Tenth Circuits have adopted the Strong standard. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (collecting cases).

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

To establish a claim for medical care in violation of the Eighth Amendment, a plaintiff must demonstrate that the defendant "acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Iko, 535 F.3d at 241. Plaintiff must demonstrate that the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); Hicks v. James, 255 F. App'x 744, 749 (4th Cir. 2007) (per curiam) (unpublished). Only when an action meets both the objective and subjective elements will it offend the "evolving standards of decency" in such a way as to violate the constitutional prohibition against "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104-106; Farmer v. Brennan, 511 U.S. 835-836 (1994).

Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. See Estelle, 429 U.S. at 105–06; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Moreover,

4

prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation. See Jackson v. Sampson, 536 F. App'x 356, 357-58 (4th Cir. 2013) (citing Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

Defendants argue the following:

Plaintiff states that he was provided medication when he was released the custody of the Brunswick County Jail on or about 28 June 2010. Plaintiff further states that on or about 2 July 2010, he passed out at the Brunswick County jail. *What Plaintiff fails to acknowledge is, however, is that he was not in the custody of NCDPS or its officers at the time at which his alleged injuries occurred, nor were they responsible for Plaintiff's medical care in the days prior to his passing out incident.* Upon transfer to the Brunswick County Jail, NCDPS, or its employees, lacked the responsibility or the authority to provide Plaintiff with any medical care whatsoever. After 28 June 2010, Plaintiff was housed in the sole custody of the Brunswick County Jail and subject to the policies, including policies regarding medical treatment, of that institution. Thus, assuming arguendo that Plaintiff required medical care, the jail was responsible for providing the same - not the Defendants.

Mem. in Supp., p. 9. Defendants also assert qualified immunity.

On a motion for judgment on the pleadings, defendants' arguments fail. First, plaintiff states that it was policy that medical information and prescriptions accompany an inmate being transferred. Second, plaintiff states this was not done. Third, plaintiff contends that he even requested the policy be following in that he requested his medication be sent. Fourth, plaintiff contends that due to defendants' failure to follow policy he suffered a serious medical illness. Gardner, 109 F.3d at 430. On a motion for judgment on the pleadings, the matter may not be dismissed.

Notably, defendants assertion of qualified immunity is not appropriate at this time. The doctrine of qualified immunity provides that "government officials performing discretionary

5

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012); Brandon v. Holt, 469 U.S. 464, 472–73 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Reichle, 132 S. Ct. at 2093; Messerschmidt v. Millender, 132 S. Ct. 1235, 1244 (2012); Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011); Pearson v. Callahan, 555 U.S. 223, 231–32 (2009).

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson, 555 U.S. at 232; Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 n.24 (4th Cir. 2009); Miller v. Prince George's Cnty., 475 F.3d 621, 626–27 (4th Cir. 2007). Courts have discretion about which question to address first. Pearson, 555 U.S. at 236. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Id. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." al-Kidd, 131 S. Ct. at 2083 (quotations omitted) (alterations in original). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see

Reichle, 132 S. Ct. at 2093. Thus, defendants are entitled to qualified immunity grounds if the answer to either question is "no." See, e.g., Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009). Here, the record as it currently presents itself precludes a determination of qualified immunity. On a more fully developed record, defendants may reassert this defense.

Conclusion

Accordingly, the motion for judgment on the pleading is DENIED [D.E. 37]. SO ORDERED, this the 5 day of January 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7

Case 5:13-ct-03018-BO   Document 41   Filed 01/06/15   Page 7 of 7